2008 JUL 15 PM 1:43

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL GEORGE** **Plaintiff,** v. **TERESA JACKSON (aka Teresa Nicole Jackson, Teresa Lewis and/or Teresa Lewis Jackson) and GEORGE E. MOORE, III** **Defendants.** | ) | **CIVIL ACTION** **No.** 08-435 |

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Michael George alleges, on information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff Michael George ("Plaintiff") was a migrant farmworker who, during the Delaware potato harvest from July 2005 through September 2005, was recruited and employed by Teresa Jackson and George E. Moore, III ("Defendants") to grade and pack potatoes at the Joseph Jackewicz Farm ("Jackewicz Farms") in Kent County, Delaware. Plaintiff seeks relief from Defendants' illegal actions that denied Plaintiff and all other employees similarly situated their wages and other benefits due to them for their work.

2. Defendants recruited Plaintiff, a United States citizen, to join Defendants' joint farm labor crew to perform migratory farm work for Defendants at various farms, including at Jackewicz Farms in Delaware.

3. As set forth herein, Defendants offered Plaintiff employment with Defendants' labor crew at Jackewicz Farms upon various conditions, including, but not limited to, payment of wages of at least six dollars and fifty cents ($6.50) per hour and payment of overtime wages for work beyond forty (40) hours in a workweek. Relying upon these promises, Plaintiff accepted Defendants' offer of employment and traveled with Defendants from Florida to Kent County, Delaware to work on Jackewicz Farms.

4. Plaintiff worked for Defendants' Jackson and Moore as part of their labor crew at Jackewicz Farms, which is owned and operated by Joseph Jackewicz, Sr. and his son, Joseph Jackewicz, Jr. (herein "the Jackewiczes"). The Jackewiczes collectively hired Defendants' to serve as their farm labor contractors.[1]

5. Subsequently, Defendants Jackson and Moore violated promises made to Plaintiff during his recruitment for employment, including, but not limited to, the promises relating to wages earned at Jackewicz Farms.

6. The working arrangements, agreements and promises which Defendants made to Plaintiff, and which Defendants then violated, were also promises which Defendants had made and broken with other members of Defendants' farm labor crew, of whom there were approximately twenty (20) additional, similarly situated, farm laborer employees.

7. Plaintiff therefore brings this suit to seek redress for Defendants' violation of Plaintiff's, and other similarly situated employees', employment rights as protected by the Fair

---

[1] The Jackewiczes, who had also been Plaintiff's agricultural employers within the meaning of the AWPA, 29 U.S.C. § 1802 (2), are not parties to this suit because they previously entered into a negotiated settlement with Plaintiff regarding the issues discussed herein.

Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq. ("AWPA").

8. Plaintiff seeks damages, declaratory and injunctive relief, costs and fees (including attorney's fees for Community Legal Aid Society, Inc.), and all other appropriate relief.

## II. JURISDICTION

9. This Court has jurisdiction over this action pursuant to: 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1337 (Interstate Commerce); 29 U.S.C. § 216 (b) (FLSA); 29 U.S.C. § 1854 (a) (AWPA).

10. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C § 2201 and 2202.

## III. VENUE

11. Venue is proper in this district court pursuant to 28 U.S.C. § 1391 (b) and 29 U.S.C. § 1854 (a).

## IV. PARTIES

12. Plaintiff was a migrant agricultural worker as defined by the AWPA, 29 U.S.C. § 1802 (8) and 209 C.F.R. § 500.20 (p), in that he was employed in agricultural labor and was required to be absent overnight from his permanent place of residence to perform that work.

13. Plaintiff, along with similarly situated employees, was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. §§ 203 (e) and 203 (g), in that Plaintiff was an individual employed by his employers, Defendants Jackson and Moore, who suffered or permitted Plaintiff to work for them.

14. At all times relevant to this action, Plaintiff was an employee engaged in the production of goods for sale in interstate commerce.

15. Defendant Teresa Jackson, also known as Teresa Nicole Jackson, Teresa Lewis and Teresa Lewis Jackson ("Jackson"), is a resident of Palm Coast, Florida and operates as a farm labor contractor in Florida, North Carolina and Delaware.

16. Jackson acted as a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802 (7) and 29 C.F.R. § 500.20 (j), because she recruited, solicited, hired, furnished or transported Plaintiff for agricultural employment, as part of Defendants' farm labor crew, to perform farm work at Jackewicz Farms.

17. At all times relevant to this action, Jackson acted as an agent of the Jackewiczes and Defendant Moore.

18. Defendant George E. Moore, III ("Moore"), is a resident of Hastings, Florida and operates as a farm labor contractor in Florida, North Carolina and Delaware.

19. Moore acted as a farm labor contractor within the meaning of the AWPA, 29 U.S.C. § 1802 (7) and 29 C.F.R. § 500.20 (j), because he recruited, solicited, hired, furnished or transported Plaintiff, as part of Defendants' farm labor crew, to perform farm work at Jackewicz Farms.

20. At all times relevant to this action, Moore acted as an agent of the Jackewiczes and Defendant Jackson.

21. During the 2005 Delaware potato harvest season, Defendants Jackson and Moore jointly served as farm labor crew leaders for the Jackewiczes.

22. Jackson was engaged in interstate commerce or engaged in the production of goods for interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203 (b).

23. Moore was engaged in interstate commerce or engaged in the production of goods for interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203 (b).

## V. STATEMENT OF FACTS

### A. Defendants' Establishment of a Farm Labor Contracting Relationship with Plaintiff at Jackewicz Farms

24. At all times pertinent to this action, the Jackewiczes used their farm labor contracting agents, Defendants Jackson and Moore, to engage in the production of potatoes for sale in interstate commerce through their business, Jackewicz Farms, which is located in Kent County near Magnolia, Delaware.

25. At all times pertinent to this action, Jackewicz Farms employed farm labor contractors Jackson and Moore, and their labor crews of similarly situated migrant and seasonal farmworker employees, to prepare and package potatoes for sale. The farmworkers at Jackewicz Farms regulated the flow of potatoes dumped by bulk body trucks onto conveyor belts, regulated the flow of potatoes as they proceeded through a washer and onto sorting tables, sorted potatoes by picking out and discarding bad potatoes, rocks, dirt and other debris, packaged the potatoes into bags of various weights, sewed the bags closed, stacked the filled bags onto pallets and then loaded the pallets onto commercial trucks for transportation to market, among other things.

26. The Jackewiczes have traditionally used farm labor contractors to provide migrant and seasonal workers for Jackewicz Farms. The farm labor contractors seek and provide migrant agricultural workers from other states that are a part of the farm labor contractors' crew to assist

in the packing operations at Jackewicz Farms. For a number of years, Jackewicz, Sr. has utilized the interstate clearance system established by the Wagner-Peyser Act, 29 U.S.C. § 49, et seq., to secure Florida-based migrant workers.

27. In 2004, Jackewicz, Jr. used the interstate clearance system to advertise the farm's desire for agricultural workers. Defendants Jackson and Moore obtained information about the farm's labor needs through the interstate clearance system. *See* The Wagner-Peyser Act, 29 U.S.C. § 49, et seq., and its attendant regulations, 20 C.F.R. § 653.501, et seq. Jackewicz, Jr. entered into an agreement with Defendant Jackson to hire the labor crew, which she shared with Moore, to perform migrant agricultural work at Jackewicz Farms. Defendants' crew then performed migrant agricultural labor at Jackewicz Farms during the 2004 potato harvest season (approximately from late-July to mid-September).

28. To secure packinghouse workers for their operations during the 2005 season, the Jackewiczes rehired Defendants to fulfill their 2005 labor needs.

29. The Jackewiczes detailed their 2005 labor needs and assurances to prospective employees in a clearance order filed with the Delaware Department of Labor an Agricultural and Food Processing Clearance Order ("2005 Clearance Order"). The 2005 Clearance Order, job order number DE0013057, sought forty (40) workers for grading and performing "various tasks as assigned in preparation and packaging of potatoes for market" and made certain promises and assurances to prospective employees.

30. Among the 2005 Clearance Order's requirements, assurances and promises regarding the terms of employment at Jackewicz Farms were the following:

a. All working conditions would comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration and other employment-related laws;

b. Facilities for food storage and cooking would be provided to the workers at no cost;

c. Workers would be provided with housing that met the full set of applicable Federal and State standards, at no-cost to workers;

d. Workers would be provided, at the time of recruitment, with a copy of the work contract containing all the provisions required by applicable regulations;

e. Crew leaders used on the jobs would hold valid registrations as farm labor contractors with all required authorizations to perform any such functions as driving, transporting, or housing workers, as applicable.

31. On behalf of themselves and their employees, Defendants Jackson and Moore accepted the job opportunities and requirements described in the 2005 Clearance Order.

32. Following their acceptance of the job opportunities, Defendants Jackson and Moore recruited Plaintiff and other workers to fill the Jackewiczes' manpower requests detailed in the 2005 Clearance Order.

33. Defendants Jackson and Moore performed the recruitment, described in paragraphs thirty-one (31) and thirty-two (32) of this Complaint, in their capacities as farm labor contractors.

**B. Specific Recruitment of Plaintiff by Defendants Jackson and Moore for Work, During the 2005 Delaware Harvest Season, at Jackewicz Farms**

34. In order to fulfill their farm labor contractor responsibilities undertaken in response to Jackewicz Farm's 2005 Clearance Order for potato graders, Defendants Jackson and

Moore recruited Michael George ("Plaintiff") and convinced him to work at Jackewicz Farms as part of Defendants' farm labor crew.

35. As part of the recruitment Defendants Jackson and Moore promised Plaintiff that, while working at Jackewicz Farms, he would be guaranteed to receive forty (40) hours of farm work per week at the rate of six dollars and fifty cents ($6.50) per hour for the first forty hours of work, and that he would be paid overtime (at a rate of time and a half) for any hours worked beyond forty (40) in a workweek.

36. Relying on the promises and assurances made by Defendants, Plaintiff, along with similarly situated employees, accepted Defendants' offer of employment at Jackewicz Farms.

37. These job terms proffered by Defendants, coupled with the assurances provided in the 2005 Clearance Order seeking grading workers, constituted the working arrangement for the 2005 Delaware potato harvest season within the meaning of the AWPA, 29 U.S.C. § 1822 (c).

38. Defendants did not disclose in writing to Plaintiff, at the time of his recruitment for the 2005 Delaware potato harvest season, the information required to be disclosed to him pursuant to the AWPA, 29 U.S.C. § 1821 (a), and its implementing regulations, 29 C.F.R. § 500.75 (b).

**C. Plaintiff's Performance of Work, During the 2005 Delaware Potato Harvest, for Defendants at Jackewicz Farms in Kent County, Delaware**

39. In July 2005 Defendants Jackson and Moore caused Plaintiff, and the rest of their labor crew, to be transported from North Carolina to Jackewicz Farms in Kent County, Delaware.

40. At the time that Defendants' caused Plaintiff's transportation, the persons who transported Plaintiff were not authorized by the federal Secretary of Labor to transport or drive agricultural workers.

41. During the relevant time periods in 2005, Defendant Moore did not have a valid federal farm labor contractor's license and was not authorized by the federal Secretary of Labor to cause the transportation of agricultural workers.

42. While employed by Defendants at Jackewicz Farms during the 2005 season, Plaintiff graded and packed potatoes grown by the Jackewiczes as well as potatoes grown by other farms.

43. Plaintiff was at all times ready to comply, and did comply, with the terms of his working arrangement with Defendants.

44. Defendants failed, without justification, to comply with their working arrangement with Plaintiff, including failing to provide employment on terms consistent with the promises made at the time of Plaintiff's recruitment and as set out in the 2005 Clearance Order.

45. Plaintiff suffered numerous damages as a result of Defendants' unjustified breach of the working arrangement.

46. Defendants failed to pay Plaintiff for all of the hours he worked at Jackewicz Farms. This includes, but is not limited to, Defendants' failure to pay Plaintiff for his time spent waiting for repairs to be made to the potato grading equipment at the jobsite at Defendants' direction, and also Defendants' failure to pay Plaintiff overtime for hours he routinely worked in excess of forty (40) hours in a workweek.

47. Defendants failed to pay Plaintiff the hourly wage that Defendants promised to him at the time of his recruitment to work at Jackewicz Farms.

48. Defendants failed to pay Plaintiff the then-required federal minimum wage of five dollars and fifteen cents ($5.15) per hour for all compensable hours worked.

49. Defendants failed to pay Plaintiff overtime wages for all compensable overtime hours worked, as promised at the time of recruitment, and as required by the FLSA.

50. Defendants also failed to pay Plaintiff his wages "free and clear." Defendants Jackson and Moore made numerous illegal or improper deductions from Plaintiff's wages including, but not limited to, withholdings for "loans", "earnings", "credits," meals and housing.

51. Defendants Jackson and Moore charged Plaintiff for his food and housing during the 2005 potato harvest season when he was employed at Jackewicz Farms. These meal and housing charges were withheld from Plaintiff's wages without his authorization, and exceeded the actual cost of furnishing these items. Such withholdings were also contrary to the contractual agreement within the 2005 Clearance Order.

52. When Plaintiff's earnings were so low that he was unable to pay the housing, food and other charges upfront, Defendants "loaned" Plaintiff money, with the charges for these "loans," plus interest, withheld from Plaintiff's future earnings.

53. At no time did Plaintiff authorize Defendants' wage non-payment, withholding or "crediting" of his wages.

54. Defendants failed to make, keep and preserve accurate payroll records with respect to Plaintiff's labor. Defendants failed to maintain records of the withholdings made and credits claimed against his wages for advances on wages, meal charges, interest, rent, and on

other unidentified grounds, among other things. The payroll records and wage statements that Defendants did keep were incomplete and inaccurate.

55. During the 2005 season Defendants housed Plaintiff in a labor camp owned by Jackewicz, Sr. and controlled by Defendants Jackson and Moore.

56. The housing at Jackewicz Farms that Defendants provided to Plaintiff, and also controlled, managed and charged Plaintiff for, did not comply with substantive Federal and State safety, health and other standards applicable to that housing. Among other things, the housing:

a) lacked required windows and screens on the windows, resulting in bug infestations in Plaintiff's sleeping quarters, in violation of 20 C.F.R. § 654.408 and Section 47-2.2023 of the State of Delaware's *Regulations Governing the Sanitation of Migratory Agricultural Labor Housing Camps and Field Sanitation*;

b) had numerous holes in the walls of Plaintiff's living quarters in violation of 20 C.F.R. § 654.407 (a) and Section 47-2.200 of Delaware's *Regulations Governing the Sanitation of Migratory Agricultural Labor Housing Camps and Field Sanitation*;

c) did not comply with cooking and eating facility requirements contained in Section 47-2.203 of Delaware's *Regulations Governing the Sanitation of Migratory Agricultural Labor Housing Camps and Field Sanitation* and

d) did not have adequate solid waste disposal containers required by 20 C.F.R. § 654.414 and Section 47-2.207 of Delaware's *Regulations*

*Governing Sanitation of Migratory Agricultural Labor Housing Camps and Field Sanitation.*

57. Defendants failed to post in a conspicuous place at the labor camp a written statement of the terms and conditions of occupancy, as required by the AWPA, 29 U.S.C. § 1821 (c), and its implementing regulations, 29 C.F.R. § 500.75 (f).

58. The Clearance Order seeking potato graders stated that workers would be permitted to prepare their own meals and Defendants promised this amenity at the time of recruitment.

59. However, Plaintiff was prohibited from using the kitchen at the Jackewicz Farms labor camp. Instead, Defendants Jackson and Moore operated a camp commissary and mess hall from which Plaintiff was required to purchase his meals at inflated prices that exceeded the actual cost of furnishing those items, and included a substantial profit for Jackson and Moore.

60. Defendants undertook all of the actions alleged in the above paragraphs either directly or through their agents.

61. All of Defendants actions discussed above also affected employees who were similarly situated to Plaintiff.

62. As a result of Defendants' violations of the AWPA during the 2005 Delaware potato harvest, Plaintiff, and those similarly situated, suffered damages.

63. Plaintiff made a good faith effort to settle this dispute with Defendants prior to filing these claims.

## VI. CAUSES OF ACTION

## FIRST CLAIM

**(Defendants' Violations of the Fair Labor Standards Act)**

64. Upon information and belief, Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs one (1) through sixty-three (63) of this Complaint.

65. Plaintiff brings this claim against Defendants, jointly and severally.

66. The Fair Labor Standards Act (FLSA) requires, among other things, that employers who are engaged in interstate commerce pay their employees at least the federal minimum wage, which during 2005 was five dollars and fifteen cents ($5.15) per hour. 29 U.S.C. § 206 (a) (1).

67. The FLSA, pursuant to 29 U.S.C. §207, also requires covered employers to pay overtime to all covered employees for any time that the employees work above forty (40) hours in a workweek, at the overtime wage of one and one-half times the worker's "regular rate" of pay.

68. At all times relevant to this action, Plaintiff, and similarly situated employees, were employees of Defendants within the meaning of 29 U.S.C. § 203 (e) (1). Defendants were employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d) and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203 (g).

69. At all times relevant to this action, Defendants employed Plaintiff, and similarly situated employees, in the production of goods for interstate commerce.

70. Defendants failed to pay Plaintiff, and similarly situated employees, the required minimum wage for all hours of their work when Defendants employed Plaintiff, and similarly situated employees, during the 2005 potato harvest season at Jackewicz Farms.

71. Defendants' failure to pay Plaintiff, and similarly situated employees, as alleged above in paragraph seventy (70), was in violation of the FLSA, 29 U.S.C. § 206 (a) (1).

72. Defendants failed to pay Plaintiff, and similarly situated employees, required overtime compensation for the overtime hours they worked for Defendants during the 2005 Delaware potato harvest season at Jackewicz Farms.

73. Defendants' failure to pay Plaintiff, and similarly situated employees, the required overtime, as alleged above in paragraph seventy-two (72), was in violation of the FLSA, 29 U.S.C. § 207 (a) (1).

74. Defendants' actions were willful violations within the meaning of the FLSA, 29 U.S.C. § 255 (a).

75. Under the FLSA, Plaintiff, and similarly situated employees, are entitled to recover from Defendants their unpaid minimum and overtime wages, and additional and equal amounts as their liquidated damages, as well as attorney's fees incurred by Community Legal Aid Society, Incorporated. Plaintiff does not request attorney's fees incurred by The Legal Aid Bureau, Incorporated.

## SECOND CLAIM

### (Defendant Jackson's Violations of the Migrant and Seasonal Agricultural Worker's Protection Act)

76. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs one (1) through seventy-five (75) of this Complaint.

77. Plaintiff brings this claim under the Migrant and Seasonal Agricultural Worker's Protection Act (AWPA), 29 U.S.C. § 1854 (a), against Defendant Jackson.

78. During the 2005 Delaware potato harvest season, Defendant Jackson intentionally engaged in conduct, which violated Plaintiff's rights under the AWPA, by:

a) hiring, employing or using an individual to perform farm labor contracting activities without the individual having been properly registered under the AWPA, in violation of 29 U.S.C. § 1811 (b) and implementing regulations at 29 C.F.R. § 500.41 (a);

b) failing to provide written disclosures regarding the working conditions as required by 29 U.S.C. § 1821 (a) (1-8) and their implementing regulations at 29 C.F.R. § 500.75 (b);

c) failing to abide by the posting requirements as required by 29 U.S.C. § 1821 (c) and its implementing regulations at 29 C.F.R. § 500.75 (c);

d) failing to keep proper payroll records, in violation of 29 U.S.C. § 1821 (d) (1) and its implementing regulations at 29 C.F.R. § 500.80;

e) failing to provide each worker with an itemized written wage statement for each pay period containing the data required by 29 U.S.C. § 1821 (d) (2) and 29 C.F.R. § 500.80;

f) knowingly providing false or misleading information to Plaintiff concerning the terms or conditions of agricultural employment, in violation of 29 U.S.C. § 1821 (f);

g) failing to pay wages when due under state and federal law in violation of 29 U.S.C. § 1822 (a);

h) requiring Plaintiff to purchase goods and services from the employer or farm labor contractor in violation of 29 U.S.C. § 1822 (b) and its implementing regulations at 29 C.F.R. § 500.73;

i) failing to abide by the terms of the working arrangement in violation of 29 U.S.C. § 1822 (c) and implementing regulations at 29 C.F.R. § 500.73;

j) failing to provide housing in compliance with Federal and State safety and health standards, in violation of 29 U.S.C. § 1823 and other federal and state housing-related regulations.

79. The violations of the AWPA by Defendant Jackson, as set forth in this claim, were the result of Jackson's conscious and deliberate actions and were intentional within the meaning of the AWPA.

80. As a result of Jackson's violations of the AWPA, as set forth in this claim, Plaintiff suffered damages. Plaintiff is entitled to recover his actual damages, or up to five hundred dollars ($500.00) in statutory damages, to compensate him for each violation of the AWPA in this claim.

**THIRD CLAIM**

**(Defendant Moore's Violations of the Migrant and Seasonal Agricultural Worker's Protection Act)**

81. Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs one (1) through eighty (80) of this Complaint.

82. Plaintiff brings this claim under the Migrant and Seasonal Agricultural Worker's Protection Act (AWPA), 29 U.S.C. § 1854 (a), against Defendant Moore.

83. During the 2005 Delaware potato harvest season, Defendant Moore intentionally engaged in conduct, the consequences of which violated Plaintiff's rights under the AWPA, by:

a) hiring, employing or using an individual to perform farm labor contracting activities without the individual having been properly registered under the AWPA, in violation of 29 U.S.C. § 1811 (b) and its implementing regulations at 29 C.F.R. § 500.41 (a);

b) failing to provide written disclosures regarding the working conditions as required by 29 U.S.C. § 1821 (a) (1-8) and their implementing regulations at 29 C.F.R. § 500.75 (b);

c) failing to abide by the posting requirements as required by 29 U.S.C. § 1821 (c) and its implementing regulations at 29 C.F.R. § 500.75 (c);

d) failing to keep proper payroll records, in violation of 29 U.S.C. § 1821 (d) (1) and its implementing regulations at 29 C.F.R. § 500.80;

e) failing to provide each worker with an itemized written wage statement for each pay period containing the data required by 29 U.S.C. § 1821 (d) (2) and 29 C.F.R. § 500.80;

f) knowingly providing false or misleading information to Plaintiff concerning the terms or conditions of agricultural employment, in violation of 29 U.S.C. § 1821 (f);

g) failing to pay wages when due under state and federal law in violation of 29 U.S.C. § 1822 (a);

h) requiring Plaintiff to purchase goods and services from the employer or farm labor contractor in violation of 29 U.S.C. § 1822 (b) and its implementing regulations at 29 C.F.R. § 500.73;

i) failing to abide by the terms of the working arrangement in violation of 29 U.S.C. § 1822 (c) and its implementing regulations at 29 C.F.R. § 500.73;

j) failing to provide housing in compliance with Federal and State safety and health standards, in violation of 29 U.S.C. § 1823 and other federal and state housing-related regulations.

84. The violations of the AWPA by Defendant Moore, as set forth in this claim, were the result of Moore's conscious and deliberate actions and were intentional within the meaning of the AWPA.

85. As a result of Moore's AWPA violations, as set forth in this claim, Plaintiff suffered damages. Plaintiff is entitled to recover his actual damages, or up to five hundred

dollars ($500.00) in statutory damages, to compensate him for each AWPA violation in this claim.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

a) find that Defendants' actions violated Plaintiff's rights, and the rights of similarly situated employees, under the FLSA;

b) find that Defendants violated Plaintiff's rights under the AWPA;

c) enter judgment in favor of Plaintiff, and similarly situated employees, and against Defendants, jointly and severally, on Plaintiff's, and the similarly situated employees' claims, under the FLSA and award each their unpaid minimum and overtime wages, along with an equal amount as liquidated damages;

d) enter judgment in favor of Plaintiff and against Defendant Jackson on Plaintiff's Second Claim, and award Plaintiff his actual damages, or five hundred dollars ($500.00) in statutory damages, whichever is greater, for each violation of the Act and its implementing regulations set forth in that Claim;

e) enter judgment in favor of Plaintiff and against Defendant Moore on Plaintiff's Third Claim, and award Plaintiff his actual damages, or five hundred dollars ($500.00) in statutory damages, whichever is greater, for each violation of the Act and its implementing regulations set forth in that Claim;

f) award Plaintiff the costs of the action;

g) award Plaintiff reasonable attorney's fees, on all claims for which fees are recoverable, but only for legal services provided by Community Legal Services, Incorporated;

h) permanently enjoin each Defendant from further violations of the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations;

i) award Plaintiff prejudgment and post judgment interest with respect to their claims under the AWPA and

j) grant any such other relief as this Court deems just and proper.

Respectfully submitted,

Community Legal Aid Society, Inc.

By: ____________________

James G. McGiffin, Jr., Esq.
Delaware State Bar Identification Number 2399
Community Legal Aid Society, Inc.
840 Walker Rd.
Dover, Delaware 19904
Tel. No. (302) 674-8500
Fax No. (302) 674-8145
jmcgiffin@declasi.org

Counsel for Plaintiff and

Legal Aid Bureau, Inc.

By: ____________________

Daniela Dwyer, Esq.

PRO HAC VICE
Legal Aid Bureau, Inc.
Farmworker Unit
500 E. Lexington St.
Baltimore, MD 21202
Tel. No. (410) 951-7815
Fax No. (410) 685-6951
ddwyer@mdlab.org

Counsel for Plaintiff

0 8 - 4 3 5

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

George, Michael

**(b)** County of Residence of First Listed Plaintiff: Alachua County Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

"See Attachment"

**DEFENDANTS**

Jackson, Teresa
Moore III, George

County of Residence of First Listed Defendant: Flagler County Florida
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

N/A

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. 201 et. seq; 29 U.S.C. 1801 et. seq.

Brief description of cause:
violation of Plaintiff's employment rights

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: July 11, 2008 SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Rec # 152674 - 3b

Attorneys for Plaintiffs:

James G. McGiffin, Jr., Esq.
Delaware State Bar Identification Number 2399
Community Legal Aid Society, Inc.
840 Walker Rd.
Dover, Delaware 19904
Tel. No. (302) 674-8500
Fax No. (302) 674-8145
jmcgiffin@declasi.org

Daniela Dwyer, Esq.
PRO HAC VICE
Legal Aid Bureau, Inc.
Farmworker Division
500 E. Lexington St.
Baltimore, MD 21202
Tel. No. (410) 951-7815
Fax No. (410) 951-7769
ddwyer@mdlab.org

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ____________________

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF 2 COPIES OF AO FORM 85.

7/15/08
(Date forms issued)

X Kelleen O'Fallon
(Signature of Party or their Representative)

X Kelleen O Fallon
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

LEGAL AID BUREAU, INCORPORATED
THE CHARLES H. DORSEY, JR. BUILDING
500 EAST LEXINGTON STREET
BALTIMORE, MARYLAND 21202
(410) 951-7777 Office
(410) 951-7818 Facsimile
www.mdlab.org

WARREN S. OLIVERI, JR. PRESIDENT

WILHELM H. JOSEPH, JR.
HANNAH E.M. LIEBERMAN
CHERYL HYSTAD
GUSTAVA E. TALER
GREGORY L. COUNTESS
EMILY MILLER RODY
CYNTHIA FENIMORE
JOAN F. LITTLE
ROBERT MCCAIG
JOSEPH V. ROHR, JR.
DANIELA DWYER

OF COUNSEL
LAWRENCE B. COSHNEAR

WILLIAM R. LEAHY
DORCEY BERNDT
BLAKE FETROW
NINA A. SHORE
SERI WILPONE
CORNELIA BRIGHT GORDON
ANITA M. BAILEY
REGAN M. BAILEY
WILLIAM G. STOKES
JESSICA L. COOK RAE
SUSAN D. SHUBIN

EILEEN FRANCH
AVERY T. CLARK
OTELIA LYNCH DAVIS
LOUISE M. CARWELL
VICTORIA ROBINSON
REBECCA S. COLE
BOOTZ D. MERCER
JANINE A. SCOTT
EDWIN WENCK
RHONDA L. HENDERSON
RACHEL MARKOWITZ
JANELLE WILLIAMS FRANTZEN
LINDA H. CARROLL
SUSAN TESTA
ERIKA GREENBLUM
LEWIS LONDON
AQUANETTA KNIGHT HAYES
TABINDA RIAZ
THEODOSIA SAFFO
MARIANNE AUMICK SIERRA
JOCELYN L. WILLIAMS
JOHANNA M. KLEMA
DIANA R. SCHROEHER
ANGELA D. HOLLOWAY

JENNIFER ENOS
ELIZABETH M. FOX
YVETTE B. WALKER
TERESA M. DOUTHIT
NATALIE COLEY-LAWRENCE
MICHAEL J. CERRI
ANNE FRANZBLAU
WESLEY M. GREER, III
JOEL GOLDBERGER
RAMESH KASARABADA
VIRGINIA G. ROSA
ALEXANDRA MONROY
KISHA A. BROWN
JENNIFER COOKE ROSEN
RONIKA J. SUMLIN
STEPHANIE FINN
AMANDA L. CABADAY
AUGUSTA SIRIBUO
GREGORY R. PACE
MICHELE A. PLUMMER
ERICA S. RILEY
CONTE G. ROBINSON
T. RENEE WATKINS
DONNA LYONS ATWELL

July 15, 2008

Peter T. Dalleo
Clerk of Court
U.S. District Court, Delaware District
844 N. King Street
Wilmington, DE 19801

08-435

Dear Mr. Dalleo:

I am writing to request that the Clerk's Office please file the following enclosed documents:

1) MOTION AND ORDER FOR ADMISSION PRO HAC VICE,
2) COMPLAINT FOR DAMAGES, DECLARTORY AND INJUNCTIVE RELIEF,
3) Civil Cover Sheet,
4) Summons for Defendant Teresa Jackson and
5) Summons for Defendant George Moore, III.

Also enclosed is check # 0065815 from the Legal Aid Bureau, Incorporated, payable to Clerk, U.S. District Court in the amount of $375.00. The check should cover the $350.00 filing fee for the Complaint for Damages, Declaratory and Injunctive Relief as well as the $25.00 fee for the Motion for Admission Pro Hac Vice.

Please kindly file-stamp and return the enclosed extra copies of the filings and summons in the provided self-addressed, pre-stamped envelope. Thank you in advance for your assistance.

2008 JUL 15 PM 3:43

Sincerely,

Daniela Dwyer
Supervising Attorney
Farmworker Division

