UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

MICHAEL GEORGE, :
        Plaintiff, :
        v. : C.A. No. 08-435-GMS-LPS
TERESA JACKSON (aka Teresa :
Nicole Jackson, Teresa Lewis and/or :
Teresa Lewis Jackson) and :
GEORGE E. MOORE, III, :
        Defendants. :

**REPORT AND RECOMMENDATION**
**REGARDING MOTIONS TO DISMISS**

Pending before the Court are Motions to Dismiss ("Motions") filed by *pro se* defendants Teresa Jackson and George Moore. (D.I. 5, D.I. 6) Both Defendants contend in their Motions that they did "not act[] in an individual capacity" with respect to Plaintiff, who alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq., in connection with his employment at a Delaware potato farm in 2005.

The purpose of a motion to dismiss is to evaluate the sufficiency of the pleadings, not to assess whether the plaintiff's allegations are true or false. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). The Court may grant the Motions only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). Consequently, a motion to dismiss

that merely denies the allegations of a complaint does not provide a basis for dismissal.

Here, the Motions do nothing but deny the accuracy of the Complaint's allegations. This is unhelpful to Defendants because, in reviewing the Motions, the Court is required to accept the well-pleaded allegations in the Complaint as true. Doing so requires the Court to accept the truth of the numerous allegations in the Complaint that adequately allege that Defendants took individual actions with respect to Plaintiff that could, if ultimately proven, subject Defendants to liability. *See, e.g.*, Cmplt. ¶ 2 ("Defendants recruited Plaintiff . . . to join Defendants' joint farm labor crew . . . ."); *id.* ¶¶ 16, 19 (Defendants "recruited, solicited, hired, furnished or transported Plaintiff, as part of Defendants' farm labor crew, to perform farm work"); *id.* ¶ 35 (Defendants made promises to Plaintiff regarding payment of wages); *id.* ¶ 47 ("Defendants failed to pay Plaintiff the hourly wage that Defendants promised to him at the time of his recruitment . . . ."). Defendants are free to deny these allegations; however, in analyzing a motion to dismiss, the law requires the Court to treat the allegations as true.

For this reason, the purported affidavit of Plaintiff that Defendants attach to their replies in support of their Motions (D.I. 15, D.I. 16) – an affidavit in which Plaintiff appears to state that he is not owed any wages and that he "at no point made any complaints" about Defendants – is also of no avail. The Court cannot assume, at this point in the case, that this affidavit is true. Instead, the Court is required to treat the contrary allegations in the Complaint as true.

Accordingly, I recommend that Defendants' Motions to Dismiss (D.I. 5, D.I. 6) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections **of no longer than ten (10) pages within ten (10) days after being served with a copy of this**

**Report and Recommendation**. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006). **A party responding to objections may do so within ten (10) days after being served with a copy of objections; such response shall not exceed ten (10) pages. No further briefing shall be permitted with respect to objections without leave of the Court.** The parties are directed to the Court's Standing Order in *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website at www.ded.uscourts.gov/StandingOrdersMain.htm.

* * *

No scheduling order will be entered at this time. Defendants' obligation to file a responsive pleading is stayed until further order of the Court. The Court will enter an Order Regarding Alternative Dispute Resolution this same date.

Dated: August 3, 2009

Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE